UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause Nos.   1:06-cr-0014-01 (M/F) |
| | ) | |
| WALID ARTEST, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on March 30, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on January 24, 2011, and Supplemental Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on January 11, 2012, to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(I) and 3583(e).

Proceedings regarding the original Petition filed January 24, 2011 were held on March 31, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1]  Mr. Artest appeared in person and by appointed counsel, Bill Dazey, Office of Indiana

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

Federal Community Defender; the government appeared by Doris Pryor, Assistant United States Attorney; and Patrick Jarosh, U. S. Parole and Probation officer, appeared and participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

    1. That Bill Dazey, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Artest in regard to the Petition for Revocation of Supervised Release.

    2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Artest and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

    3. Mr. Artest was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

    4. That Mr. Artest would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

    5. That Mr. Artest had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

    6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Artest had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on March 30, 2011.

7. Mr. Dazey stated that Walid Artest would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth as amended orally, and set forth in the Petition. Mr. Artest waived, in writing, the preliminary examination and he was held to answer.

8. Mr. Artest, by counsel, stipulated that he committed specifications of violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

**Petition for Summons or Warrant for Offender Under Supervision, filed January 24, 2011:**

| **Violation Number** | **Nature of Noncompliance** |
| --- | --- |
| **1** | **"While on supervised release, the defendant shall not commit another federal, state, or local crime."** |
| | On January 18, 2011, the offender was arrested on a warrant out of Madison County, Indiana, Superior Court 4, under cause number 48D04-1101-FD-00055, for felony Domestic Battery. According to the police report, on December 12, 2010, the offender assaulted his girlfriend. |
| **2** | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| | The offender failed to submit a written report within the first five days in April, May, June, July, August, September, October, November, and December 2010. |

The Court placed Mr. Artest under oath and directly inquired of Mr. Artest whether he admitted violations of the specifications of his supervised release set forth above. Mr. Artest stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

The defendant, by counsel, moved to continue the revocation hearing, and the same was granted.

On January 11, 2012, a Supplemental Petition for Warrant or Summons for Offender Under Supervision was filed.

On February 7, 2012, the Court reviewed prior proceedings held on March 31, 2011, including the defendant's right to a preliminary hearing. Mr. Artest appeared in person with court-appointed counsel, Bill Dazey. The government appeared by Doris Pryor, Assistant United States Attorney; and Patrick Jarosh, U. S. Parole and Probation officer, appeared and participated in the proceedings. The following proceedings occurred:

1. Mr. Artest, by counsel, stipulated that he committed specifications of violations set forth in the Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed January 11, 2012, as follows:

**Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed January 11, 2012:**

**Violation Number** | **Nature of Noncompliance**
---|---
3 | **"While on supervised release, the defendant shall not commit another federal, state, or local crime."**
 | On December 9, 2011, the offender was arrested and charged with Invasion of Privacy in Madison County, Indiana, under cause number 48I02-1112-CM-04100. According to the police report, the offender was found in a vehicle with Kavata A. Ward, the alleged victim in his pending Domestic Battery case and who has a protective order against the offender.

| | |
|---|---|
| **4** | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
| | Since the above noted arrest date, the offender has failed to notify the Probation Officer of being arrested and questioned by law enforcement. |

The Court placed Mr. Artest under oath and directly inquired of him whether he admitted specifications of violations alleged above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1) Mr. Artest has a relevant criminal history category of II, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Artest constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Artest is 27-33 months.

4) The parties did not agree on the appropriate disposition of Mr. Artest's violations of the conditions of supervised release.

    a. Given that the defendant's term of supervised release would have ended in May of 2011, but for a supplemental petition being filed, and in consideration of the totality of all the facts and circumstances, the parties agreed that the Magistrate Judge should determine the appropriate disposition.

    b. Considering the totality of the circumstances and particular facts, including that Mr. Artest has been supervised for an additional nine months, the Court now makes its ruling.

The Court, having heard the arguments of the parties and the admissions of the defendant, and considering the totality of the circumstances and particular facts, including that Mr. Artest's supervised release should have ended in May 2011, now finds it in the best interest of justice, and in the best interest of the public, that his supervised release term should now be terminated.

Mr. Artest's supervised release term is therefore **TERMINATED** and he is therefore released from his conditions of supervised release.

Counsel for the parties and Mr. Artest stipulated in open court waiver of the following:

> 1. Notice of the filing of the Magistrate Judge's Report and Recommendation;
>
> 2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Artest entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq*. and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation terminating Walid Artest from his conditions of supervised release previously imposed by this Court.

IT IS SO RECOMMENDED this 10th day of February, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court


Distribution:

Doris Pryor,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal